AMY, J.,
dissents and assigns reasons.
_JjI respectfully dissent from the majority decision as I find that a reversal is required. In my opinion, the plaintiff failed to carry his burden of proving the defendants knew or should have known about the alleged defect in the lawnmower.
The trial court found that the alleged defect would have been found with normal routine maintenance, and thus the defendants knew or should have known of its existence. However, I find the record reveals no sufficient evidence to support this finding.
The trial court’s reasons reveal that it relied on pictures presented by the plaintiff to find what the defendant knew or should have known. However, I find the record unclear as to what the pictures represented. It is not evident whether the damage shown in the picture existed before the alleged incident or whether the incident itself caused the damage. Wilfred Loewer, the owner of the defendant shop, testified that he was unable to tell from the pictures whether the lawnmower’s belt was broken or loose. Scott Graff, a previous manager of the defendant shop, testified that all of the shop’s loaner lawnmowers were serviced before the customers took them home. Further, he testified that if anything was broken or missing on the radiator, they would have known about it from the service and would have corrected it.
|2The majority finds that the question as to whether the defendants knew or should have known of the defect were credibility determinations, and that it was reasonable for the trial court to find the plaintiff credible and reject the defendants’ testimony. In my opinion, even if the defendants’ testimony was properly rejected by the trial court, it was the plaintiffs burden to prove that the defendants knew or should have known of the defect. I find no *455 sufficient evidence presented indicating that the plaintiff carried his burden in this regard. The plaintiff testified that before the accident, he checked the lawnmower and did not see any problems. He also admitted that he performed no maintenance to the lawnmower because he had just received the lawnmower from the defendant and “everything was done.”
Considering the evidence presented by the plaintiff, I find that the record does not support the trial court’s inference that the defendants knew or should have known about the alleged defect in the lawnmower. As such, I conclude that a reversal of the trial court’s judgment is warranted.